928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George A. LAGUTA, Plaintiff-Appellant,
Michael Kevin Bailey, Gordon R. Schilling, Plaintiffs,
v.
George D. ALEXANDER, Rodney L. Francis, Dave Evans, Russ
Olsen, Ohio Department of
Rehabilitation/Correction, London
Correctional, Defendants-Appellees.
 No. 90-3889.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1991.
 
 S.D.Ohio, No. 90-00443; Graham, J.
 
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 3
 George A. LaGuta, a pro se Ohio prisoner, appeals the district court's order dismissing this action brought pursuant to the citizen enforcement provisions of the Clean Air Act, 42 U.S.C. Sec. 7604, and the Solid Waste Disposal Act, 42 U.S.C. Sec. 6972. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Seeking injunctive and declaratory relief, LaGuta and other inmates at the London (Ohio) Correctional Institution (LOCI) sued various officials of LOCI as well as the Ohio Department of Rehabilitation and Corrections regarding the operation of the Powerhouse and Sewage Treatment Plant at LOCI. Specifically, it was alleged that the operation of the Powerhouse resulted in the improper emission of high sulfur coal contaminant and that the operation of the Sewage Treatment Plant resulted in the improper disposal of hazardous waste. Moreover, LaGuta, and his fellow plaintiffs, also sought a share of any fines or penalties imposed under the theory of Qui Tam.
 
 
 5
 After a review, the district court granted defendants' motion to dismiss, finding that plaintiffs had failed to comply with the sixty-day notice provisions set forth in the relevant statutes. LaGuta has filed a timely appeal. In addition, he has requested the appointment of counsel in his brief on appeal and has filed separate motions seeking a preliminary injunction.
 
 
 6
 Upon de novo review, we conclude that the district court did not err in dismissing the instant action for failure to comply with the statutory notification provisions. Osborn v. United States, 918 F.2d 724, 731 (8th Cir.1990); Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 7
 Accordingly, the request for counsel and the motions for a preliminary injunction are denied, and the district court's judgment is hereby affirmed for the reasons stated in the district court's opinion and order dated September 21, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for Eastern District of Michigan, sitting by designation